IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-85-D

| | |
|---|---|
| JEANNIE MAE BARDEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MURPHY-BROWN LLC, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Defendants' motion to compel the deposition of Plaintiff Annette Pearsall and for an award of fees and costs. [DE-63]. No response to the motion was filed, and the time to do so has expired. For the reasons set forth below, Defendants' motion to compel Ms. Pearsall's deposition is allowed, and the fee-award issue is reserved for ruling.

Defendants first noticed Ms. Pearsall's deposition for September 21, 2021, but due to her health issues Defendants agreed to continue the deposition to a later date. Defs.' Mem. [DE-64] at 2; Depo. Notice, Ex. A [DE-64-1] at 5–8. Defendants attempted to reschedule the deposition for months, and, after agreement with Plaintiffs' counsel, it was ultimately renoticed for April 25, 2022. Defs.' Mem. [DE-64] at 2; Depo. Notice, Ex. B [DE-64-1] at 10–13. Defendants' counsel and Plaintiffs' counsel appeared at the appointed place and time for the deposition but Ms. Pearsall failed to appear without explanation or objection. Defs.' Mem. [DE-64] at 3.

The Federal Rules of Civil Procedure enable a party to obtain information by conducting an oral deposition of another party. Fed. R. Civ. P. 30(a)(1), 37(a)(3)(B)(i). The court may award sanctions if a party fails to attend and proceed with a noticed deposition. Fed. R. Civ. P. 30(g)(1), 37(d)(1)(A)(i). "[T]he court has 'substantial discretion' to grant or deny motions to compel

1

discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

The court finds that Plaintiff Anette Pearsall failed to appear for her properly noticed deposition. Accordingly, the motion to compel Ms. Pearsall's deposition is allowed. Counsel shall confer regarding a mutually agreeable date, and the deposition shall be held by no later than **September 30, 2022**.

**Ms. Pearsall is cautioned that a failure to appear at her properly noticed deposition may result in sanctions, including dismissal of her claims for failure to comply with her discovery obligations, failure to comply with the court's order, and failure to prosecute. Fed. R. Civ. P. 30(d)(2) and 37(b)(2)(A)**.

Defendants also request an award of costs and fees incurred in bringing the motion to compel and in attending the noticed deposition at which Ms. Pearsall failed to appear. Defs.' Mem. [DE-64] at 5.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil

2

Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D.W.Va. 2003) (holding party who prevailed on motion to compel discovery responses entitled to reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses).

Ms. Pearsall has failed to comply with her discovery obligation to appear for a properly noticed deposition to which she did not object. Defendants made good-faith attempts to obtain the deposition without court intervention, and Ms. Pearsall has failed to respond to the motion to compel and request for fees and costs. The court finds that Defendants are entitled to an award of fees and costs incurred in bringing the motion to compel and in attending the noticed deposition at which Ms. Pearsall failed to appear. Accordingly, Defendants shall file by **October 12, 2022**, an affidavit setting out their reasonable costs and fees and a supportive memorandum of law, and any response shall be filed by no later than **October 26, 2022**. **If Plaintiff fails to timely respond, the court will deem her to have no objection to the costs and fees claimed by Defendants and to have waived her right to be heard.**

SO ORDERED, the 12 day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge

3