IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-85-D

| | | |
|---|---|---|
| JEANNIE MAE BARDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MURPHY-BROWN LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on Defendants' motion to compel Plaintiffs to permit entry onto/into land and property and for an award of fees and costs. [DE-65]. No response to the motion was filed, and the time to do so has expired. For the reasons set forth below, Defendants' motion to compel entry is allowed, and the fee-award issue is reserved for ruling.

Plaintiffs brought claims of trespass and negligence against Defendants, alleging that Defendants' hogs housed in close proximity to Plaintiffs' properties caused airborne dust, urine, particles from feed, manure, dander, and other manure contaminants to enter on Plaintiffs' properties and that flies, buzzards, and other insects scavenge on the contaminants, which impairs Plaintiffs' enjoyment and use of their properties. 2d Am. Compl. [DE-54] at 45–50. Defendants contend Plaintiffs have placed their residences and properties located in Kenansville and Magnolia, North Carolina at issue in this case by advancing claims about their homes, and Defendants assert a compelling need to enter Plaintiffs' residences and properties to gather information and evidence for trial. Defs.' Mem. [DE-66] at 2.

Counsel for the parties conferred and reached an agreement that the property visits would occur on June 8 and 9, 2022, and Defendants' counsel issued a Rule 34(a)(2) request for entry

consistent with that agreement, to which no objection was lodged. Defs.' Mem. [DE-66] at 2; Request for Entry, Ex. A [DE-66-1] at 5–8. Defendants' counsel, expert and consultants, and photographer and videographer travelled to Kenansville and Magnolia on the morning of June 8 to proceed with the property visits. Defs.' Mem. [DE-66] at 3. Defendants' counsel called Plaintiffs' counsel to advise they would be arriving shortly, and Plaintiffs' counsel stated that Plaintiffs had not been contacted to consent to or expect Defendants' property visit and that Plaintiffs' counsel were not in Kenansville or Magnolia. *Id.* at 3–4. Plaintiffs' counsel attempted to contact Plaintiffs that morning to arrange the property visits, but no Plaintiffs that could be reached would permit Defendants' group to access their properties at that time. *Id.* at 4. A July 5, 2022 letter from Defendants' counsel to Plaintiffs' counsel regarding rescheduling the property visits went unanswered. *Id.*

Rule 34(a)(2) of the Federal Rules of Civil Procedure allows a party to serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Rule 37(a)(3)(B)(iv) allows a party to move to compel a site inspection. However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Thus, "the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (footnote omitted).

The court finds that Plaintiffs have placed their respective properties at issue in this matter and that Defendants have shown good cause to permit entry onto Plaintiffs' land for inspection and other purposes consistent with Rule 34(a)(2) and upon the terms set forth in the previously

2

served request, [DE-66-1] at 5–8, which terms may be modified by the agreement of counsel. Accordingly, the motion to compel is allowed. Counsel shall confer regarding two mutually agreeable consecutive dates for the property visits, which shall be completed by no later than **October 7, 2022**.

**Plaintiffs are cautioned that a failure to permit entry and inspection of their properties in conformity with this order may result in sanctions, including dismissal of their claims for failure to comply with discovery obligations, failure to comply with the court's order, and failure to prosecute. Fed. R. Civ. P. 37(b)(2)(A).**

Defendants also request an award of costs and fees incurred in bringing the motion to compel and for attempting to conduct the previously scheduled June 8 and 9 property visits. Defs.' Mem. [DE-66] at 6.

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733–34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions); *Biovail Corp. v. Mylan Labs., Inc.*, 217 F.R.D. 380, 382 (N.D.W.Va. 2003) (holding party who prevailed on motion to compel discovery responses entitled to

3

reasonable expenses where a good faith effort was made to obtain discovery and no legal authority existed for non-moving party's refusal to produce responses).

Plaintiffs failed to permit entry and inspection of their properties under terms to which Plaintiffs' counsel agreed and to which Plaintiffs lodged no objection. Defendants made good-faith attempts to obtain entry without court intervention, and Plaintiffs failed to respond to the motion to compel and request for fees and costs. The court finds that Defendants are entitled to an award of fees and costs incurred in bringing the motion to compel and for attempting to conduct the previously scheduled June 8 and 9 property visits. Accordingly, Defendants shall file by **October 12, 2022**, an affidavit setting out their reasonable costs and fees and a supportive memorandum of law, and any response shall be filed by no later than **October 26, 2022**. **If Plaintiffs fail to timely respond, the court will deem them to have no objection to the costs and fees claimed by Defendants and to have waived the right to be heard.**

SO ORDERED, the _12_ day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge