IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-85-D

JEANNIE MAE BARDEN, MONTRINA )
BONEY, JANICE CHASTEN, BETTY )
FRAZELLE, THELMA GLASPER, )
CHRISTINE HIGHSMITH, ALFREDA )
GLASPER HUMPHREY, BEVERLY )
TOMEKIA JONES, GREGORY MCCOY, JR., )
ANDRENA MCCULLEN, NANCY NEWTON, )
ANNETTE PEARSALL, KATHY PEARSALL, )
LEONARD PEARSALL, LOUISE JONES )
PEARSALL, NORWOOD EARL PEARSALL, )   **ORDER**
WILLIAM PEARSALL, HERNDON )
WILLIAMS, MARGARET WILLIAMS, )
MAVIS WOMBLE, )
                                    )
            Plaintiffs,             )
                                    )
      v.                            )
                                    )
MURPHY-BROWN LLC, and               )
SMITHFIELD FOODS, INC.,             )
                                    )
            Defendants.             )

On October 27, 2022, defendants Murphy-Brown LLC ("Murphy-Brown") and Smithfield Foods, Inc. ("Smithfield") (collectively, "defendants") requested the imposition of the case-terminating sanction of dismissal concerning plaintiffs Annette Pearsall and Kathy Pearsall for failure to comply with the court's discovery orders. See [D.E. 76]. Plaintiffs did not respond, and the time to do so has expired. As explained below, the court grants defendants' motion and dismisses with prejudice the claims of plaintiffs Annette Pearsall and Kathy Pearsall.

I.

On September 12, 2022, the court entered two orders. [D.E. 71, 72]. The first order granted defendants' motion to compel the deposition of plaintiff Annette Pearsall [D.E. 63, 64] and required

that her deposition "be held by no later than September 30, 2022." [D.E. 71] 2. The second order granted defendants' motion to compel entry onto land and property possessed or controlled by plaintiffs [D.E. 65, 66] and required that all property visits "be completed by no later than October 7, 2022." [D.E. 72] 3. Both orders admonished these plaintiffs that a failure to comply "may result in sanctions, including dismissal of their claims for failure to comply with discovery obligations, failure to comply with the court's order, and failure to prosecute." [D.E. 71] 2; [D.E. 72] 3.

In the more than two months following entry of these orders, the deposition of plaintiff Annette Pearsall has not been held, and no "property visit" has been completed. See [D.E. 76, 77]. No request to extend the time for holding plaintiff Annette Pearsall's deposition or completing the property visit for plaintiffs has been submitted to the court, and plaintiffs have not attempted to excuse or justify their failure to comply with the court's orders.

II.

"Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). Such a sanction includes "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiffs Annette Pearsall and Kathy Pearsall failed to comply with the discovery orders entered in this case. See [D.E. 71, 72, 76, 77]. Defendants expressly seek the sanction of dismissal with prejudice for plaintiffs' failure to comply with this court's orders. See [D.E. 76, 77].

In analyzing whether dismissal is an appropriate sanction for failure to comply with a discovery order, the court considers four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice h[er] noncompliance caused h[er] adversary, which necessarily includes an inquiry into the materiality of the evidence [s]he failed to produce; (3) the need for

2

deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed., 872 F.2d at 92.

As for the first factor, the court finds that plaintiffs acted in bad faith. The court specifically warned plaintiffs that failure to comply with the court's orders could result in sanctions, including dismissal. More than two months have passed without explanation from either plaintiff concerning why they failed to comply with the court's order, and both plaintiffs failed to respond to defendants' motion. Cf. Joyner v. Eckard Fam. Youth Alts., Inc., No. 4:09-CV-166, 2010 WL 3743766, *2 (E.D.N.C. Sept. 23, 2010) (unpublished). Therefore, the court finds both plaintiffs acted in bad faith.[1]

Second, plaintiffs' noncompliance has prejudiced defendants. Defendants have been seeking plaintiff Annette Pearsall's deposition since 2021 [D.E. 64], with no success even with the court's involvement. The deposition of plaintiff Annette Pearsall is important to the defense of her claims. Likewise, defendants have been seeking a property visit since mid-2022. See [D.E. 66]. Plaintiffs have placed their respective properties at issue in this case, and defendants "have shown good cause to permit entry onto Plaintiffs' land for inspection and other purposes[.]" [D.E. 72] 2. Plaintiff Kathy Pearsall's same-day cancellation of a rescheduled property visit—the second attempt at completing it—frustrated defendants' efforts to obtain material discovery about the property and

---

[1] Plaintiff Annette Pearsall may have been hospitalized in September 2022, and plaintiff Kathy Pearsall may have had a medical appointment on the rescheduled date for her property visit. See [D.E. 77-1] ¶¶ 5, 10. However, these two plaintiffs did not submit information to the court to corroborate any representations made by their counsel to defendants' counsel. Moreover, the time period in which they could have done so has now expired, and nothing in the record provides a basis on which plaintiffs' non-compliance may be attributed to any hospitalization or medical appointment.

3

resulted in a waste of time and resources. See [D.E. 78]. Plaintiffs have prejudiced defendants' ability to defend against plaintiffs' claims. Id.

Third, noncompliance with this court's orders must be deterred. These two plaintiffs have not appeared to make any attempt to comply with the court's clear directives, and they have not offered any reason for their noncompliance. It is unwise to allow plaintiffs to behave in this way. If not sanctioned, this behavior would set an example for other litigants to ignore this court's orders. Moreover, defendants specifically requested dismissal of both plaintiffs from this action in their motion, and plaintiffs did not respond to that motion.

Fourth, the court employed less drastic sanctions by awarding fees and costs. See [D.E. 71, 72, 78]. These sanctions did not effectively bring about plaintiffs' compliance. The court finds any lesser sanction would be ineffective. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995); Joyner, 2010 WL 3743766 at *3.

The court expressly warned plaintiffs that failure to comply with the two orders could "result in sanctions, including dismissal of their claims." [D.E. 71, 72]. This warning suffices as adequate notice of the possible consequences for failure to comply with the order. See Hathcock, 53 F.3d at 40.

III.

In sum, the court GRANTS defendants' motions for sanction of dismissal [D.E. 76, 77], and DISMISSES WITH PREJUDICE the claims of plaintiff Annette Pearsall and plaintiff Kathy Pearsall. Plaintiff Annette Pearsall and plaintiff Kathy Pearsall are no longer parties to this case.

SO ORDERED. This 29 day of November, 2022.

JAMES C. DEVER III
United States District Judge

4